UNITED STATES DISTRICT COURT
Southern District of Florida
Fort Lauderdale Division

Case No.:

DISABILITY ADVOCATES AND COUNSELING
GROUP, INC. and VATRICE PERRIN,

    Plaintiffs,

vs.

TACO BELL OF AMERICA, INC.,
d/b/a Taco Bell,
6835 Taft Street, Hollywood, Florida,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Disability Advocates and Counseling Group, Inc. ("DACG") and Vatrice Perrin ("Perrin") (jointly referred to herein as "Plaintiffs"), hereby sue Defendant, **TACO BELL OF AMERICA, INC.** ("Defendant"), for declaratory and injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181, et seq. ("Americans With Disabilities Act" or "ADA").

### JURISDICTION

1. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §§12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act ("ADA")(see also 28 U.S.C. §§2201 and 2202).

### PARTIES

2. Plaintiff, Disability Advocates and Counseling Group, Inc. is a non-profit corporation organized and existing under the laws of the State of Florida ("DACG"). DACG's members, which

include Perrin, are individuals with disabilities as defined by and pursuant to the ADA. DACG has several purposes. One of those purposes is representing its members to assure that public accommodations and commercial premises are accessible to and useable by its members presently and in the future, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. DACG also assists in and/or provides speakers for disability expositions and disability related seminars. DACG also provides counseling to individuals with disabilities and their families regarding their particular disabilities, information concerning resources, aid and assistance which is available to individuals with disabilities, and discussions and information on difficult and personal subjects affecting the disabled. DACG, through the disability expositions and seminars, also provides community awareness of disability issues, general advocacy for individuals with disabilities, and information on obtaining government grants for the disabled or their benefit. DACG, when funds are available, also makes donations to assist the disabled or on their behalf. DACG and its members, including Perrin, have suffered direct and indirect injury as a result of Defendants' actions or inaction described herein, and will continue to suffer injury and discrimination without the relief provided by the ADA as requested herein. DACG has also been discriminated against because of its association with its members and their claims, and because its resources (both time and money) have been impaired and not been able to go to those activities due to the resources expended (both time and money) on this matter in the attempt to end the discrimination by Defendant.

3. Perrin is a resident of the State of Florida, is *sui juris*, and is an individual with disabilities as defined by and pursuant to the ADA. Specifically, Perrin is partially paralyzed in her lower body. Thus, Perrin is limited in her major life activities by her disabilities in that she is unable

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

to hear or walk independently, and uses a wheelchair to ambulate. Perrin is also a member of DACG.

4. Perrin has an individual desire to and interest in traveling throughout the community and engaging in daily activities free of barriers to access, as members of the able-bodied community are presently able to do. As such, she has a personal interest in and seeks to enforce compliance with the ADA and to end discrimination against herself and other persons with disabilities resulting from ADA violations. Furthermore, and independent of her role as a member of DACG, Perrin also seeks enforcement of and compliance with the ADA and to end discrimination against herself, DACG, DACG's members and all other persons with disabilities, so that she, DACG's members, and all other persons with disabilities may avail themselves of public accommodations and facilities, services and goods which are available to the able bodied community, without discrimination caused by illegal barriers to access.

5. Completely independent of her personal desire to have access to public accommodations free of illegal barriers to access, Perrin also acts as a "tester" on behalf of DACG, its members and herself, for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Perrin employs a routine practice. She personally visits the public accommodation where she knows or where it has been reported to her that illegal barriers to access exist; she engages all of the illegal barriers to access at the subject premises, or at least all of those she is able to access; and she tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; she proceeds with legal action enjoin such discrimination; and she subsequently returns to the premises to verify its / their compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of her other

- 3 -

**WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA**
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

intended subsequent visits, Perrin also intends to visit the subject premises annually to verify their compliance or non-compliance with the ADA.

6. In her capacity as a "tester," when Perrin encounters illegal barriers to access, as she did here with respect to Defendants' premises, she engages those barriers to the extent she is able. Also, to the extent she is able to do so given the existing barriers to access, Perrin also avails herself and/or attempts to avail herself to the subject public accommodation as a whole (including all public areas thereon and all services, goods, facilities and amenities offered thereat). She does so for the purpose of using those public accommodations and also to establish discrimination against herself and the disabled due the illegal barriers to access and the resulting denial of access to the property and the services, goods, facilities and amenities offered thereat.

7. In this instance, Perrin, in her individual capacity and independently as a "tester," personally, and on behalf of DACG and its members, suffered legal harm and legal injury, and she will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations addressed herein.

8. One or more of DACG's members, including Perrin (both individually and as a "tester"), has attempted to access and use all public areas of the subject restaurant and related facilities which is owned, leased and/or operated by Defendant in the past, but has been, and will continue to be, discriminated against and excluded from proper unobstructed access to and use of those facilities due to Defendant's failure to remove illegal barriers to access and comply the ADA as set forth herein. Additionally, Defendant has failed to afford DACG's members, including Perrin, the opportunity to participate in and benefit from the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations owned, leased and/or operated by Defendant and/or has relegated DACG's members, including Perrin, to receiving different or separate benefits

- 4 -

which are not equivalent to those offered by Defendant to able-bodied patrons. DACG's members, including Perrin, specifically intend to gain access into and use the subject restaurant and related facilities owned, leased and/or operated by Defendant in the future, as members of the able-bodied community are presently able to do, but have been and will continue to be denied such access and use as a result of Defendant's failure to remove illegal barriers to access and comply with the ADA as set forth herein, and are at serious risk of suffering further and irreparable injury without the immediate relief requested herein.

9. Defendant's ADA violations are continuing in nature and will continue indefinitely into the future and, as a result, will continue to prelude access by DACG's members, including Perrin.

10. Defendant **TACO BELL OF AMERICA, INC.** is a Delaware corporation which is authorized to transact and which transacts business in Florida. Defendant is the owner, lessee and/or operator of the real property and improvements thereon which are the subject of this action, commonly known as a Taco Bell restaurant, located at 6835 Taft Street, Hollywood, Florida (referred to herein as the "building", "premises" or "subject restaurant").

## INTRODUCTION

11. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq.

12. Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   ii. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

iii. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

iv. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

13. Congress explicitly stated that the purpose of the ADA was to:

i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

14. The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508(a).

15. The premises which is owned, leased and/or operated by Defendants which is the subject of this action includes a restaurant and related facilities. The subject restaurant and facilities

- 6 -

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

must be, but are unable to be, accessed by individuals with disabilities, including Perrin and DACG's members. By failing to make its premises and facilities accessible to individuals with disabilities or otherwise provide equivalent participation in the benefits and services offered therein, Defendant has effectively excluded and otherwise denied DACG's members, including Perrin, the benefits of the goods, services, privileges, advantages and/or accommodations offered at the premises and has discriminated against the DACG's members, including Perrin, on the basis of their disabilities, and Defendant has denied DACG's members, including Perrin, the opportunity to participate in and derive the equivalent benefits of the goods, services, privileges, advantages or accommodations that are provided by Defendant to able-bodied individuals.

16. Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the subject restaurant and facilities are public accommodations covered by the ADA and which must be in compliance therewith.

17. Defendant has discriminated against DACG's members, including Perrin, by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings and by otherwise failing to provide for DACG's members', including Perrin's, equivalent participation in Defendant's goods, services, facilities, privileges, advantages and/or accommodations, as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv). DACG's members, including Perrin, desire to use Defendant's facilities presently and in the future, but are precluded from doing so as a result of Defendant's ADA violations set forth herein.

18. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36.

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

19. Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against DACG's members, including Perrin, by *inter alia* failing to:

   i. provide an accessible path of access of the requisite width and without steps, curbs, excessive thresholds, excessive slopes, noncompliant ramps, and other barriers, from the boundary of the site to the primary entrance;

   ii. modify the accessible parking spaces and associates access aisles to have less than the maximum permitted slope;

   iii. modify the curb ramp to have the requisite slopes and compliant detectable warnings;

   iv. locate compliant strobe emergency notification devices at the requisite locations;

   v. provide each size soda lids and other controls and services within the accessible reach parameters;

   vi. modify rest rooms to be accessible, including, failing to:

      a. modify the entry doors to have the requisite opening resistences and closing delays;

      b. modify the lavatories to have the requisite knee clearances;

      c. insulate or configure pipes under the lavatories in the rest rooms to prevent burns or other injuries;

      d. provide toilet paper dispensers mounted in the requisite, accessible locations, and

      e. provide compliant strobe emergency notification devices, mounted at the requisite locations,

by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

20. Each of the above-described required ADA alterations / modifications are readily achievable as defined by and pursuant to the ADA

- 8 -

21. DACG's members, including Perrin, have sought and have been, continue to be, and in the future will, be denied access to the benefits of services, programs and activities of the subject restaurant and its facilities, and have otherwise been discriminated against and damaged by Defendant, because of Defendant's ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the relief provided by the ADA as requested herein. The claims asserted herein do not require the participation of each individual member of DACG.

22. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205.

23. Pursuant to 42 U.S.C. §12188, this Court is provided authority to grant Plaintiffs injunctive relief including an order requiring Defendant to alter the subject restaurant and related facilities to make them accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, Plaintiffs respectfully request that the Court find that Defendant has been and continues to be in violation of the ADA and are discriminating against Plaintiffs and DACG's members, issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to alter the subject restaurant premises and related facilities as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, awarding Plaintiffs their attorneys' fees, costs and litigation expenses incurred in this action, and retaining jurisdiction to assure Defendant's subsequent compliance with the ADA and to protect against similar subsequent discrimination by Defendant.

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

Respectfully submitted,

**WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA**
Attorneys for Plaintiffs

By: _____
William N. Charouhis, Esquire
Florida Bar No. 510076
Suite 1750 • Brickell Bayview Centre
Eighty Southwest Eighth Street
Miami, Florida 33130
Tel.: 786.279.5707
Fax : 305.377.8416

Dated: 11/1/11

W:\Casefile\[M\ADA\Complaint\REST-BAR\DACG\Taco Bell of Amer [Taco Bell, 6835 Taft Street, Hollywood, FL][1][7678.1][101411][wnc].wpd

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416